UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EDWARD WILSON, | ) | Case No.: 2:10-cv-1657-GMN-RJJ |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| BIOMAT USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Biomat USA, Inc.'s Motion to Strike Witness List and Objections (ECF No. 50). Also before the Court is Plaintiff Edward Wilson's Motion to Admit Plaintiff's Evidence and Witnesses (ECF No. 51) and Defendant's Motion to Strike Plaintiff's Motion to Admit Plaintiff's Evidence and Witnesses (ECF No. 53). The Court addresses each request and objection in turn.

**A.    DEFENDANT'S MOTION TO STRIKE AND OBJECTIONS (ECF NO. 50)**

1.    Motion to Strike Amended Witness List

Plaintiff submitted an Amended Witness List (ECF No. 50) after the October 6, 2011 deadline to file witness lists as ordered in the Order Regarding Trial (ECF No. 38). Plaintiff added one witness to the amended list, Dr. Gary LaTourette, M.D. Defendant asks this court to strike Dr. LaTourette as a witness because of the untimely filing of the amended list despite Plaintiff's apparent compliance with Rule 26(a) and (e).

The Order Regarding Trial [ECF No. 38 (8)(e)] merely states that witness lists shall be filed with the Clerk of the Court "for use by the Court during jury selection." The Court first notes that since this is not a jury trial the requirement contained in section (8)(e) of the Court's Order Regarding Trial does not apply here. Even if this were a jury trial, the Order Regarding

1  Trial does not necessarily supplant the requirements of Fed. R. of Civ. P. 26(a) and (e) which
2  govern the requirements of disclosure of witnesses prior to trial.  Federal Rule of Civil
3  Procedure 37(c) allows the Court to strike a witness if he was not properly disclosed under Rule
4  26(a) and (e).  The Court will not strike Dr. LaTourette as a witness without any evidence that
5  he was not properly disclosed.  Defendant has failed to demonstrate that the witness was not
6  properly disclosed pursuant to Rule 26(a) and (e).  Accordingly, Defendant's motion to strike
7  Dr. LaTourette as a witness is DENIED.

    2.    Limit Scope of Dr. Anthony's Testimony

Defendant asks this Court to limit the scope of Dr. Anthony's testimony.  The Court previously denied Defendant's motion in limine to exclude Dr. Anthony as an expert witness.  However, in making that ruling the Court clarified that Dr. Anthony's testimony will be limited to his review of the medical records and opinion as disclosed in the expert report assuming he is qualified to testify as to the opinions provided in his report.  Dr. Anthony can only testify regarding matters if he is qualified as an expert in those areas.  Therefore, any opinion that has not been disclosed or an area outside his expertise will not be allowed.  However, the parties have failed to provide the court with sufficient information; therefore, the Court cannot make a blanket ruling denying any and all testimony of Dr. Anthony, nor determine his ability to testify as to causation at this time.  At trial, Plaintiff will be allowed to call Dr. Anthony to lay a foundation for all of the his qualifications and areas of expertise and the Defendant may question Dr. Anthony and raise specific objections at the appropriate time to the qualifications of Dr. Anthony and any opinion offered by Dr. Anthony.

    3.    Drs. Rosler, Shah, and LaTourette as Experts

Defendant argues that Plaintiff did not disclose Drs. Rosler, Shah and LaTourette as experts and therefore the scope of their testimony should be limited.  The Court agrees.  Drs. Rosler, Shah, and LaTourette are only allowed to testify as treating physicians since they were

not disclosed as experts under Rule 26(a)(2).  A treating physician's testimony is governed by Federal Rule of Evidence 701.  A treating physician's testimony is limited to facts and opinions developed during the course of the doctor's treatment of the plaintiff.  *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (requiring an expert report if a treating physician is to offer an opinion formed outside the course of treatment).  **However, as the Ninth Circuit recently held a treating physician is not allowed to offer opinion testimony on the issue of causation because causation is a hypothetical question designated for expert witnesses.** ***United States v. Urena*, ---F.3d---, 2010 WL 4840665, \*3 (October 13, 2011).**

B.     **PLAINTIFF'S MOTION TO ALLOW EVIDENCE (ECF NO. 51)**

    1.     <u>Admit Plaintiff's Medical and Billing Records</u>

Plaintiff asks the court to allow all his exhibits regarding his medical and billing records.  Some of the exhibits are accompanied by affidavits or declarations.  Plaintiff offers other exhibits that will only be authenticated by Dr. Anthony and Plaintiff at trial.

> A memorandum, report, record . … in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the [record] as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11) . . .

Fed. R. of Evid. 803(6).  Rule 902(11) provides that:

> The original or a duplicate of a domestic record or regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person . . ., certifying that the record
>     (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.
>     (B) was kept in the course of the regularly conducted activity; and
>     (C) was made by the regularly conducted activity as a regular practice.

Fed. R. of Evid. 902(11).

The medical records and bills that are accompanied by the affidavits described by Plaintiff in his motion (ECF No. 51) do not appear to satisfy the requirements under Fed. R. of Evid. 803(6) and 902(11). The affidavits do not appear to state that the record was kept as a "regular practice." However, until the parties actually submit the exhibits and affidavits for the Court's review, the Court cannot rule as to whether or not they will be allowed.

Plaintiff also argues that Cameron Medical Center and Fine Chiropractic are the same facility and therefore the affidavit from the Cameron Medical Center should be "sufficient" for Fine Chiropractic. The Court does not agree. Any documents and records from Fine Chiropractic can only be authenticated by a custodian or other qualified witness of Fine Chiropractic's records. Even if the two businesses share the same custodian of records, the certificate of authenticity or affidavit must list, describe or otherwise identify the Fine Chiropractic records which Plaintiff seeks to admit. It does not appear that the affidavit from Cameron Medical Center is sufficient. However, again the parties have provided neither the affidavit nor the exhibits; therefore, the Court cannot make any ruling regarding the authentication of the Fine Chiropractic records at this time. If Plaintiff moves to admit the records, Defendant may object so the court may consider the sufficiency of the affidavits offered to authenticate the documents.

Plaintiff would also like the Court to admit medical records and bills from Southern Nevada Medical Group, Wellcare Pharmacy, Las Vegas Pharmacy and Radiology Associates of Nevada based on the testimony of Dr. Anthony and Plaintiff. First of all, the Court fails to see how Dr. Anthony would be qualified to testify regarding the business activities of businesses where he has not been employed. Similarly, Plaintiff would also not be qualified to authenticate the medical records and bills of a business where he has not been employed. Plaintiff could testify regarding whether he received or paid bills when purchasing a

prescription or visiting a doctor, however Plaintiff would not be qualified to testify if a specific medical record or billing record was created in the regular course of business, etc. as required to satisfy the requirements under Fed. R. of Evid. 803(6) and 902(11).  Therefore, unless another basis for authentication is provided to the Court, it appears that these exhibits will not be admissible at trial.

      2.      <u>Dr. Anthony's Ability to Testify and Additional Witness</u>

In his motion (ECF No. 51) Plaintiff also responds to Defendant's arguments in his motion (ECF No. 50) regarding the scope of Dr. Anthony's testimony and qualifications as well as his ability to amend his witness list to add Dr. LaTourette.  The Court has addressed these issues *supra* in sections A-1 and A-2 and Plaintiff's response does not clarify the matter.

**C.**     **DEFENDANT'S MOTION TO STRIKE (ECF NO. 53)**

      1.      <u>Strike Exhibit List</u>

Plaintiff submitted an updated exhibit list on October 16, 2011 (ECF No. 52). Defendant argues that it should be stricken because it was filed after the October 6, 2011 deadline provided in the Order Regarding Trial (ECF No. 38).  The purpose of the instruction in the Order Regarding Trial is to enable the Courtroom Administrator and the Court to be able to receive and track exhibits at trial.  The Order specifically instructs parties to use the form on the Court's website to easily facilitate trial preparation and provides the link.  However, both parties have failed to comply with the Court's Order.  The Court has within its discretion the ability to sanction the parties for noncompliance with this Order, but will not automatically strike all the proposed exhibits not provided in the proper format prior to the deadline.

Again, as to admissibility of the exhibits, so long as the newly added exhibits listed on the updated exhibit list were previously properly disclosed to Defendant pursuant to Fed. R. of Civ. P. 26(a) and (e) as explained *supra*, in section A-1, the Court will not strike the updated exhibit list for failure to comply with the ORT.

### 2. Strike Expert Witness Motion

Next, Defendant asks the Court to strike Plaintiff's Expert Witness Motion (ECF No. 51). While the Court notes that Plaintiff's motion raises evidentiary matters that are best determined at trial, it appears that Plaintiff made his motion – in part – to respond to Defendant's first motion to strike (ECF No. 50). The Court has determined that these parties may benefit from the court's consideration of Plaintiff's motion as reflected in section B of this Order.

### 3. Medical Records Authenticity

The Court will not allow any medical records that do not comply with Fed. R. of Evid. 803(6) and 902(11) as explained *supra* in section B-1. However, Defendant makes the additional arguments.

First, Defendant argues that in order to properly certify the documents, the affidavits from the custodian of records must be notarized. Defendant cites to no authority for its assertion. Therefore, the Court finds that an un-notarized affidavit is sufficient under Rule 902(11) to satisfy the "written declaration" requirement to certify the records. However, the affidavits must still also comply with all other requirements of Fed. R. of Evid. 803(6) and 902(11) as explained *supra*.

Next, Defendant argues the certifications do not establish that the records were made as a "regular practice." The Court addressed this argument *supra*, in Section B-1.

Finally, Defendant argues that he was not provided sufficient notice as required by Rule 902(11) which states that the "party intending to offer a record . . . must provide written notice . . . to the adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide the adverse party with a fair opportunity to challenge them." Defendant claims that it did not have notice "until now." Defendant then argues that Plaintiff mislead this court when it stated that the parties were trying

to reach a stipulation regarding the admissibility of the evidence.  In arguing that a stipulation was never reached, Defendant admits that it must have received some notice on or prior to October 11, 2011, either at or before calendar call and written notice by October 14, 2011, at the very latest.  Again, the parties have failed to provide the Court with the relevant facts necessary to determine whether written notice was provided sufficiently in advance of trial to provide a fair opportunity to raise a challenge.  Therefore, the Court will not strike the exhibits on that basis at this time.  The objection may be raised again if and when the Plaintiff seeks to admit the documents using these affidavits.

    4.      Dr. Anthony's Testimony

Defendant again raises the issue of the scope of Dr. Anthony's testimony.  The Court has addressed Dr. Anthony's ability to testify as an expert above, *supra* section A-2.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Biomat USA, Inc.'s Motion to Strike Witness List and Objections (ECF No. 50) is **GRANTED in part** and **DENIED in part**. Plaintiff's Amended Witness List (ECF No. 49) is not stricken.

**IT IS FURTHER ORDERED** that Plaintiff Edward Wilson's Motion to admit Plaintiff's Evidence and Witnesses (ECF No. 51) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (ECF No. 53) is **GRANTED in part** and **DENIED in part**.

DATED this 17th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge