**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD WILSON, ) | Case No.: 2:10-cv-1657-GMN-RJJ |
| ) | |
| Plaintiff, ) | **FINDINGS OF FACT AND** |
| vs. ) | **CONCLUSIONS OF LAW** |
| ) | |
| BIOMAT USA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

The above-captioned case is a negligence case filed by Plaintiff Edward Wilson against Defendant Biomat USA, Inc. Plaintiff contends that a piece of ceiling tile fell from the ceiling of a Biomat donation center in Las Vegas, Nevada, striking Plaintiff and seriously injuring him. This matter was tried before the Court sitting without a jury on October 18–19, 2011.

## **FINDINGS OF FACT**

Based on the testimony and exhibits received at trial, and upon the stipulations of the parties, the Court makes the following findings of fact as required by Fed. R. Civ. P. 52(a):

1. On August 31, 2008, Plaintiff was sitting in the waiting area of Biomat, USA Inc., located at 611 Las Vegas Boulevard North, Las Vegas, Nevada.

2. As Plaintiff was sitting there, multiple broken pieces of a ceiling tile fell from the ceiling. (*See* Biomat Security Video, time stamp 08:34:51:171, Trial Exhibit No. 516.)

3. One of the Defendant's two security videos demonstrates Mr. Parrish, the Operations Supervisor at Biomat, first picked up and examined what appeared to be a dry rectangular tile piece about 8 inches wide by 12 inches long from the chair next to Plaintiff and then placed that dry tile piece on top of another wet tile piece that had also fallen from the ceiling and landed on a chair two seats away from Plaintiff. (*Id.* at time stamp 8:36:17:187, 8:36:18:203.)

4.      The video demonstrates that the dry tile piece appears to have struck Plaintiff, causing Plaintiff to raise his left arm so that his hand can be seen in the video.   Plaintiff sustained injuries to his head, neck and shoulder as a result.  The Defendant's employees immediately contacted Mr. Parrish and according to the video time stamp, he responded to the scene within 2-3 minutes.  Mr. Parrish directed his employees to call the Paramedics and Plaintiff was rushed by ambulance to Valley Hospital.

5.      Following the August 31, 2008 incident, Plaintiff suffered from pain in his head, neck and shoulder.  There was no evidence that Plaintiff suffered from these ailments either as a result of an earlier fender bender in 1998 or before he was struck by the falling ceiling tile.

6.      Plaintiff was treated by Dr. Kathleen D. Smith at Cameron Medical Center on September 8, 2008 as a result of his injuries.  The cost of Plaintiff's treatment at Cameron Medical Center was $360.00. (*See* Cameron Medical Center Billing Records, Trial Exhibit 4.)

7.      Plaintiff was treated at Fine Chiropractic from September 2, 2008 until October 8, 2008 as a result of his injuries.  The cost of Plaintiff's treatment at Fine Chiropractic was $2,623.00. (*See* Fine Chiropractic Billing Records, Trial Exhibit 5.)

8.      Plaintiff received prescriptions to treat his pain from Wellcare Pharmacy from September 22, 2008 until July 3, 2009.  The cost of Plaintiff's prescriptions from Wellcare Pharmacy was $1,407.09. (*See* Wellcare Pharmacy Billing Records, Trial Exhibit 10.)

9.      Plaintiff also treated at Nevada Spine Clinic as a result of his injuries from December 18, 2008 until March 31, 2010.  The cost of Plaintiff's treatment at Nevada Spine Clinic was $18,233.00. (*See* Nevada Spine Clinic, Trial Exhibit 13.)

10.     The evidence at trial demonstrated that as a result of Plaintiff's injuries, Plaintiff compiled $22,623.09 in medical expenses.

11.     Defendant's Motion in Limine (ECF No. 31) requested that Plaintiff's lost wages claim be limited to $504.00.  However, Plaintiff failed to provide any evidence at trial that he

suffered any damages as a result of lost wages.

12. Plaintiff also suffered physically and emotionally as a result of his injuries. The injuries affected his relationship with his wife and children and limited his ability to participate in family activities.

13. Plaintiff's expert, Dr. Marshall Anthony testified that he initially estimated Plaintiff's future prescription costs to be $2,176.00 per year for Flexeril, and $2,533.00 per year for Tramadol. Dr. Anthony also testified that his initial estimation for the price of prescription drugs should be less because Plaintiff was now on a less expensive regimen.

14. Dr. Anthony testified that Plaintiff would need occipital nerve blocks between one and four times a year.

15. Dr. Anthony testified that Plaintiff should go to physical therapy once every six weeks or as it benefits him.

16. Plaintiff's treating physician, Dr. Gary J. LaTourette testified that Plaintiff would benefit from an occipital nerve block every year or two. Dr. LaTourette testified that the occipital nerve block injection is approximately $1,200.00.

17. Defendant's expert, Dr. Shanker N. Dixit testified that he would recommend Plaintiff be treated by either a combination of medications and messages or occipital nerve blocks. Dr. Dixit testified that the approximate cost of the occipital nerve block injection is $1,000.00.

18. Plaintiff is 34 years old. Dr. Anthony testified that Plaintiff's life expectancy is 70 years of age.

19. Plaintiff will need to seek future medical treatment as a result of his injuries for 36 years. Plaintiff will need to take prescription drugs. The cost of Plaintiff's prescription drugs is approximately $4,000.00 per year. Plaintiff will need occipital nerve block injections once a year. The cost of the occipital nerve block injection is approximately $1,000.00.

# CONCLUSIONS OF LAW

In accordance with Fed. R. Civ. P. 52(a), the Court reaches the following conclusions of law:

1. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.

2. In Nevada, the elements of negligence are: (1) the existence of care, (2) breach of that duty, (3) legal causation, and (4) damages. *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009).

3. Defendant owed a duty of care to Plaintiff because an owner of land owes an ordinary duty of care to render the premises reasonably safe for persons invited to visit his premises for business purposes. *See Galloway v. McDonalds Restaurants of Nevada, Inc*., 728 P.2d 826, 828 (Nev. 1986).

4. A failing ceiling tile rendered the Defendant's premises unsafe and therefore Defendant breached its duty to maintain reasonably safe premises for its visitors.

5. Plaintiff's injuries were caused by the falling ceiling tile and therefore Defendant's breach was the legal and actual cause of Plaintiff's injuries.

6. Plaintiff's medical treatment and costs were the natural and probable consequence of Defendant's tortuous conduct. *See Hall v. SSF, Inc.*, 930 P.2d 94, 97 (Nev. 1996).

7. Plaintiff's medical treatment and costs were reasonable and necessary. *See id.* Therefore, Plaintiff is entitled to an award of his past medical bills in the amount of $22,623.09.

8. Defendant's breach was the cause of Plaintiff's past, current and future physical, mental and emotional pain and suffering. Therefore, Plaintiff is entitled to an award of past, current future physical, mental and emotional pain and suffering in the amount of $67,869.27.

9. A plaintiff seeking future medical expenses "must establish that such future medical expenses are reasonably necessary." *See Hall*, 930 P.2d at 97 (1996). Dr. Anthony testified that prescription drugs and occipital nerve blocks were reasonably necessary. Dr.

Anthony's testimony was confirmed by Dr. LaTourette and Dr. Dixit's testimony. Therefore, Plaintiff's future medical expenses of prescription drugs and occipital nerve block injections are reasonably necessary.

10. An award of future medical expenses must be supported by sufficient and competent evidence, *K-Mart Corp. v. Washington*, 866 P.2d 274, 285 (Nev. 1993), and must be reasonably certain to be incurred. *See Yamaha Motor Co. v. Arnoult*, 955 P.2d 661, 671 (1998). Plaintiff's need for prescription drugs and occipital nerve block injections was supported by the testimony of both Plaintiff's and Defendant's expert and confirmed by Dr. LaTourette. The testimony of the three doctors lead the court to the conclusion that the future medical expenses for prescription drugs and occipital nerve block injections are reasonably certain to occur. Plaintiff is not entitled to any other future medical expenses, including physical therapy because the expenses were not supported by sufficient and competent evidence and Plaintiff did not demonstrate that they were reasonably certain to be incurred.

11. Plaintiff is entitled to an award of future medical expenses in the amount of $180,000.00 for future prescription drug costs and occipital nerve block injections.

## CONCLUSION

**IT IS THEREFORE ORDERED** that judgment be entered in favor of Plaintiff Edward Wilson and against Defendant Biomat USA, Inc.

Plaintiff is awarded damages in the amount of $270,492.36 for his past medical expenses, past, current and future physical, mental and emotional pain and suffering, and future medical expenses.

DATED this 31st day of October, 2011.

_____
Gloria M. Navarro
United States District Judge