# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD WILSON, an individual, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> BIOMAT USA, INC., individually and DOES ) <br> I through X, and ROE CORPORATIONS I ) <br> through X, inclusive, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:10-cv-01657-GMN-RJJ <br><br> **ORDER** |

Pending before the Court is the Motion to Amend Findings of Fact and Amend Judgment, and Alternative Motion for a New Trial (ECF No. 64) filed by Defendant Biomat USA, Inc. ("Defendant") on November 23, 2011.  Plaintiff Edward Wilson ("Plaintiff") filed a Response (ECF No. 66) and Defendant filed a Reply (ECF No. 67).

**I.      BACKGROUND**

This case began when Plaintiff filed a personal injury lawsuit against Defendant in Nevada state court. (Pet. for Removal, ECF No. 1.)  Defendant removed the action to this Court on September 24, 2010. (*Id.*)  In his complaint, Plaintiff alleged that a ceiling tile fell from the ceiling of Defendant's Las Vegas blood bank facility and struck Plaintiff on his head and shoulder. (Compl., ECF No. 1-2.)  As a result of this incident, Plaintiff incurred medical expenses and experienced near-constant pain and suffering. (Compl., ECF No. 1-2.)

The matter was tried before this Court by a bench trial on October 18-19, 2011. Thereafter, the Court issued its "Findings of Fact and Conclusions of Law." (*See* ECF No. 58.) Ultimately, the Court awarded Plaintiff a total of $270,492.36 as follows:  $22,623.09 for "past

medical bills"; $67,869.27 for "past, current future physical, mental and emotional pain and suffering"; and $180,000.00 for "future medical expenses." (Order, Conclusions of Law ¶¶ 7-8, 11, ECF No. 58.)

Thereafter, Defendant filed this motion, pursuant to Federal Rule of Civil Procedure 52(b), requesting that the Court amend the findings that the Court made after the bench trial. (Def.'s Mot. 5:17-18, ECF No. 64.)   Alternatively, Defendant requests, pursuant to Federal Rule of Civil Procedure 59(a)(2), that the Court "re-open the matter and grant a new trial on the issue of damages for 'pain and suffering' and 'future medical expenses.'"

Specifically, Defendant challenges three findings of fact and one conclusion of law. First, Defendant argues that the Court's finding that "Plaintiff suffered 'physically and emotionally as a result of his injuries' was clearly unsupported by *any* competent evidence . . . ." (*Id.* at 12:5-7 (alteration in original) (quoting Order, Findings of Fact ¶ 12, ECF No. 58).) Second, Defendant asserts that the Court's finding that "Plaintiff will need to seek future medical treatment as a result of his injuries for [thirty-six] 36 years" was not "supported by sufficient and competent evidence." (Def.'s Mot. 11:12-19 (quoting Order, Findings of Fact ¶ 19, ECF No. 58).)  Third, Defendant asserts that the Court erroneously determined that "Plaintiff will need to take prescription drugs" and that "Plaintiff will need occipital nerve block injections once a year." (Def.'s Mot. 11:19-21 (quoting Order, Findings of Fact ¶ 19, ECF No. 58).)  Fourth, Defendant argues that the Court made the clearly erroneous conclusion that, "as to 'future medical expenses, . . . Dr. Anthony's testimony was confirmed by Dr. LaTourette and Dr. Dixit's testimony." (Def.'s Mot. 15:3-5 (quoting Order, Conclusions of Law ¶ 9, ECF No. 58).)

Finally, Defendant renews its arguments, which the Court addressed during trial, regarding the qualifications of Plaintiff's expert, Dr. Anthony, and the admissibility of the expert's testimony. (Def.'s Mot. 16:20-29:11, ECF No. 64.)

## II. LEGAL STANDARD

Rule 52(b) of the Federal Rules of Civil Procedure vests a trial court with discretion to amend findings made after a bench trial. Specifically, Rule 52(b) states that "the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). However, reconsideration of a prior ruling is appropriate only in limited circumstances, such as the discovery of new evidence, an intervening change in controlling law, or where the initial decision was clearly erroneous or manifestly unjust. *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004).

In this case, Defendant argues only that the subject findings of fact and conclusions of law are "clearly erroneous." (Def.'s Mot. 6:1-2, ECF No. 64.) However, a finding of fact is "clearly erroneous" only in the limited circumstances where a reviewing court is "left with the definite and firm conviction that a mistake has been committed."

Motions for "Further Action After a Nonjury Trial," under Rule 59(a)(2) of the Federal Rules of Civil Procedure, are similarly vested within the Court's discretion. *See e.g.*, *Welch v. Grindle*, 251 F.2d 671, 677 (9th Cir. 2003) (noting that the trial judge has "large discretion" when determining, under Rule 59(a)(2), whether to reopen a case for the introduction of further evidence).

## III. DISCUSSION

"A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Western Shoshone Nat'l Council v. United States,* 408 F.Supp.2d 1040, 1053 (D.Nev.2005); *City Parkway V, Inc. v. Union Pac. R. Co.*, 2:09-cv-01299-PMP-GWF, 2011 WL 345853, at *3 (D. Nev. Feb. 2, 2011). Here, each of Defendant's challenges was addressed either at trial (*see* ECF No. 57) or in the Court's Findings of Fact and Conclusions of Law (*see* ECF No. 58). Moreover, after reviewing the briefs filed by each party on this motion, the Court finds no basis on which to grant this

motion. Accordingly, Defendant's Motion is DENIED.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Findings of Fact and Amend Judgment, and Alternative Motion for a New Trial (ECF No. 64) is **DENIED**.

**DATED** this 28th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge